IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.                                                    Cr. No. 15-1517 JCH

VICTOR HERNANDEZ-PENA,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    This case is before the Court on Defendant's pro se *Motion for Reduction of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2)* [Doc. 118], filed May 16, 2024. The Federal Public Defender reviewed that motion and declined to file its own motion on Defendant's behalf. [Doc. 119]. On September 12, 2024, the United States filed its response [Doc. 120]. Defendant has not filed a reply. After reviewing the motion, the response, and the relevant legal authorities, the Court concludes that the Defendant's motion should be denied.

    On November 10, 2016, Defendant plead guilty to the Second Superseding Indictment [Doc. 76], which included charges for distribution of a mixture and substance containing methamphetamine (Count 1), distribution of 50 grams and more of a mixture and substance containing methamphetamine (Count 2), possession with intent to distribute 50 grams and more of methamphetamine (Count 3), and two counts of being a prohibited person in possession of a firearm and ammunition (Counts 4 and 5). Doc. 101. Defendant's total offense level was 31. Doc. 106 at ¶ 33-35. Because Defendant had no criminal history points, his criminal history category was I, resulting in a guideline range of 108 to 135 months. *Id*. at ¶¶ 39, 63. However, because

Count 3 carried a 120-month mandatory minimum, the guideline range was adjusted to 120 to 135 months in accordance with USSG § 5G1.1(c)(2). *Id*. at ¶ 63. The Court sentenced Defendant to 120 months imprisonment for each of Counts 1 through 5 to run concurrently for a total term of 120 months. Doc. 117.

Defendant moves the Court to reduce his sentence of incarceration. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," *see* 18 U.S.C. § 3582(c)(2), if the change also has been made retroactive under 28 U.S.C. § 994(u). *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023). On that date, Amendment 821 to the United States Sentencing Guidelines went into effect.

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point" instead of two. In addition, a person with six or fewer criminal history points now receives no status points. *See id*. § 4A1.1(e). For Part A to apply, however, a defendant must have received criminal history points for committing the offense whilst serving a criminal justice sentence. Under Part B of Amendment 821, § 4C1.1(a) now provides a two-offense-level reduction under certain limited circumstances for offenders who present with zero criminal history points. However, the decrease does not apply to offenders who do not meet all ten criteria listed in § 4C1.1(a). The Commission determined that the above changes should apply retroactively.

Defendant does not qualify for a sentence reduction under either aspect of Amendment 821. Defendant received no status points because he was not serving a criminal justice sentence when he committed the offenses of conviction. Therefore, Part A does not apply to Defendant.

Regarding Part B, Defendant had no criminal history points. However, Part B of the Amendment does not afford Defendant relief for three independent reasons. First, Defendant possessed a firearm in connection with Counts 4 and 5 of the Superseding Indictment. Under USSG § 4C1.1(a)(7), this possession of a firearm renders Defendant ineligible for a sentence reduction. Second, USSG § 4C1.1(a)(3) prohibits reduction in sentence for defendants who use violence in connection with their offenses. Here, Defendant plead guilty to Count 5, which included the use of violence by striking the victim with his firearm and firing a round in the process. Third, the Court sentenced Defendant to incarceration for 120 months, which is the statutory minimum sentence. Therefore, any reduction in his offense level would bring his sentence below the statutory minimum, which is not permitted. *See* 21 U.S.C. § 841(b)(1)(A); *see also* USSG § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range.").

For all the above reasons, Defendant does not qualify for any reduction in sentence.

**IT IS THEREFORE ORDERED** that Defendant's *Motion for Reduction of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2)* [Doc. 118] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**